In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-24-00128-CR

ISRAEL LARA, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. F21-36824**

## MEMORANDUM OPINION

Appellant Israel Lara pleaded guilty to the first-degree felony offense of aggravated robbery exhibiting a firearm. *See* Tex. Penal Code Ann. § 29.03(a)(2), (b). The trial court placed him on deferred adjudication community supervision for seven years and assessed a $500.00 fine. The State moved to adjudicate after Lara violated multiple terms of his community supervision. After a hearing, in which Lara pleaded "true" to multiple violations of the terms of his community supervision, the trial court determined there was sufficient evidence to find him guilty. He also

1

testified that he was $1,338.00 behind in the court-assessed fees. At a subsequent hearing, the trial court adjudicated him guilty and orally pronounced a sentence of twelve years of confinement. The trial court's written judgment also included an "Admin" amount of $1,088.00 and a "Court Cost" amount of $722.00. We will affirm the trial court's judgment as modified for the reasons discussed below.

Counsel filed a brief containing his professional evaluation that after careful review of the record, he could find no arguable grounds on which to appeal and moved to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967); *High v. State*, 573 S.W.2d 807, 810 (Tex. Crim. App. 1978). After Lara's counsel filed his brief, we granted an extension of time for Lara to file a pro se response. Lara has not responded.

The Court of Criminal Appeals has held that we need not address the merits of issues raised in an *Anders* brief. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Rather, an appellate court may determine: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id*.

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488

2

U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief and, apart from the modification discussed below, we conclude the appeal is frivolous. *See Bledsoe*, 178 S.W.3d at 827–28. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *see also Bray v. State*, 179 S.W.3d 725, 729 (Tex. App.—Fort Worth 2005, no pet.) (explaining that it would not remand for rebriefing where it could modify the judgment to address sole arguable ground of error).

## Modifying the Judgment

We have the power to reform or modify a judgment in *Anders* cases to address non-reversible error and to affirm the judgment as modified. *See* Tex. R. App. P. 43.2(b) (allowing appellate court to modify trial court's judgment and affirm as modified); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993) (noting a court of appeals may modify the lower court's judgment by correcting or reforming it); *Bray*, 179 S.W.3d at 729 (exercising authority to reform judgment in *Anders* case and affirming trial court's judgment). Our review of the record reveals the trial court's judgment must be modified, as discussed below.

## Attorney Reimbursement Fee

As noted above, our review of the record reveals that the written judgment included an "Admin" amount of $1,088.00 and a "Court Cost" amount of $722.00.

3

for a total amount of $1,810.00. The record shows that the trial court found Lara indigent and appointed counsel. The record also reflects that during the hearing on the motion to revoke, Lara testified he was behind in his court-assessed fees by $1,338.00. These court-assessed fees included the following: supervision fees of $60.00 per month; crime stoppers fee of $50.00; attorney fee of $800.00; pre/post sentence investigation fee of $500.00; and urinalysis fee of $15.00 per month. These court-assessed fees were seemingly assessed in the Judgment under "Admin." Further, the certified bill of costs shows the state consolidated court costs of $185.00, local consolidated court costs of $105.00, and reimbursement fees of $77.00 for a total amount of $367.00.

Court costs are not punitive and do not have to be included in the oral pronouncement as a precondition to their inclusion in the written judgment. *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). The imposition of court costs does not alter the punishment range, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* Tex. Code Crim. Proc. Ann. art. 42.16; *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (citation omitted). "Only statutorily authorized court costs may be assessed against a criminal defendant[.]" *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). Costs cannot be imposed "for a service not performed or for a service for which a cost is not expressly provided by law." Tex. Code Crim. Proc. Ann. art.

4

103.002. Court costs are supported if there is a bill of costs denominating the amount assessed and if those costs are authorized by statute. *See id.* arts. 103.001–.002. Even so, certain reimbursement fees, including attorney's fees, cannot be assessed against an indigent defendant unless it is later determined he has financial resources to pay. *See id.* arts. 26.04(p) (a defendant determined to be indigent is presumed to remain indigent), 26.05(g) (providing for reimbursement of fees if the judge determines defendant has financial resources); *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (concluding judgment should be reformed to remove assessment of attorney's fees because there was no finding in the record an indigent defendant could repay costs of court-appointed counsel).

Nothing in the record shows that Lara's indigent status changed, so the $800.00 attorney reimbursement fee included in the "Admin" amount is unsupported by the record for that reason. *See* Tex. Code Crim. Proc. Ann. arts. 26.04(p), 26.05(g); *Cates*, 402 S.W.3d at 252. The State has also conceded the Judgment reflects the previously assessed attorney's fee reimbursement of $800.00 against an indigent defendant and agrees the Judgment should be modified to delete the $800.00 attorney's fee.

## Conclusion

We modify the trial court's Judgment by subtracting the $800.00 attorney reimbursement fee from the $1,088.00 "Admin" amount, thus reducing that amount

5

to $288.00. Consistent with this reduction, we reduce the amount under "Total fines, Reimbursement Fees and Court Cost" from $1,810.00 to $1,010.00. We affirm the trial court's judgment as modified. *See* Tex. R. App. P. 43.2(b); *Bigley*, 865 S.W.2d at 27; *Bray*, 179 S.W.3d at 729.

 AFFIRMED AS MODIFIED.

W. SCOTT GOLEMON
Chief Justice

Submitted on March 28, 2025
Opinion Delivered August 27, 2025
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.